# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————————

No. 00-1924

————————————

|  |  |  |
|---|---|---|
| Ronnie E. Austin, Sr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| W.H. Braum, Inc., | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

————————————

Submitted: January 8, 2001
Filed:  May 11, 2001

————————————

Before HANSEN, HEANEY, Circuit Judges, and WEBBER,[1] District Judge.

————————————

PER CURIAM.

Ronnie Austin appeals from the district court's[2] adverse grant of summary judgment in his products liability action.  Austin alleged that W.H. Braum, Inc.'s hot chocolate caused second degree burns when he spilled it on his foot and ankle and that

————————————

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

the hot chocolate's temperature rendered it unreasonably dangerous. Braum filed a motion for summary judgment, which it supported with affidavits from industry experts who contended that Braum's hot chocolate was served at temperatures within the industry's standards of 160 to 180 degrees Fahrenheit. Austin opposed the motion, relying primarily on almost identical affidavits from a local doctor and an executive with the National Burn Victim Foundation. Austin's purported experts claimed, in pertinent part, that any hot chocolate served at temperatures over 135 degrees Fahrenheit cannot be consumed safely by humans and that consuming a beverage at temperatures within the industry standard has the potential to cause life threatening injuries. The district court rejected most of the allegations in the affidavits as either conclusory or speculative and, further, held that Austin had not presented any competent evidence from which a jury could infer that hot chocolate served at 160 to 180 degrees Fahrenheit was unreasonably dangerous. Having carefully reviewed the record, we affirm for the reasons stated in the district court's thorough and well-reasoned summary judgment ruling. See Jaurequi v. Carter Mfg. Co., 173 F.3d 1076, 1085 (8th Cir. 1999) (describing summary judgment standard of review); see also 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.